# Langdon, Appellant, *v.* Lawrence Park Realty Company.

*Negligence—Master and servant—Injury to employee of inde-
pendent contractor—Liability of owner—Judgment for defendant.*

In an action against an owner of real estate by an employee of
an independent contractor engaged to construct certain buildings
thereon, to recover damages for personal injuries sustained in a
fall resulting from defects in a scaffold erected by the contractor,
judgment was properly entered for the defendant non obstante
veredicto where it appeared that there was no contractual relation
between plaintiff and defendant. Plaintiff's right to recover, if at
all, was against his employer.

Argued April 25, 1916. Appeal, No. 131, Jan. T.,
1916, by plaintiff, from judgment of C. P. Erie Co., Sept.
T., 1914, No. 87, entered for defendant non obstante
veredicto in case of Grant Langdon v. Lawrence Park
Realty Company. Before BROWN, C. J., MESTREZAT,
POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries.
Before PRATHER, P. J., specially presiding.

The defendant owned a large tract of land east of Erie and entered into a contract with Joseph Hellman, a building contractor, to erect a number of houses thereon. Plaintiff, a carpenter, was engaged by Hellman as one of the workmen on the operation. Hellman directed that a scaffold be erected for the purpose of putting a cornice on a house. The scaffold was defective and broke, causing the injuries complained of.

Further facts appear in the opinion of the Supreme Court.

After verdict for plaintiff judgment was entered for the defendant non obstante veredicto. Plaintiff appealed.

*Error assigned,* among others, was in making absolute defendant's rule for judgment n. o. v.

*J. B. Cessna,* with him *Monroe Echols,* for appellant.

*W. S. Carroll,* with him *J. M. Sherwin,* for appellee.

PER CURIAM, May 15, 1916:

This judgment is affirmed on the following from the opinion of the court below directing it to be entered: "In our opinion, the contract itself makes Joseph J. Hellman an independent contractor. Defendant company, as owner, did nothing to change the relation established by said contract. Plaintiff had no contractual relations with the owner: therefore, his action, if maintainable, is against his employer. It follows that defendant's point in bar should have been affirmed: hence, the rule should be made absolute."

Judgment affirmed.